Arachchige v. Garland

BIA
Thompson, IJ
A201 133 866

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand twenty-two.

PRESENT:
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

SILUDATHTHA INDRAJITH LOKU
WEERAKKODY ARACHCHIGE,
> *Petitioner,*

v.                  19-3733
                    NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Khagendra Gharti-Chhetry, Esq.,
New York, NY.

FOR RESPONDENT:      Jeffrey Bossert Clark, Acting
Assistant Attorney General; Linda

S. Wernery, Assistant Director; Janice K. Redfern, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Siludaththa Indrajith Loku Weerakkody Arachchige, a native and citizen of Sri Lanka, seeks review of an October 11, 2019 decision of the BIA dismissing Arachchige's appeal of an April 13, 2018 decision of an Immigration Judge ("IJ") denying Arachchige's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re* Siludaththa Indrajith Loku Weerakkody Arachchige, No. A201 133 866 (B.I.A. Oct. 11, 2019), *dismissing* No. A201 133 866 (Immig. Ct. N.Y. City Apr. 13, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review adverse credibility

2

determinations for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. On such review, we conclude that in this case, substantial evidence supports the agency's adverse credibility determination.

To begin with, the agency reasonably relied on inconsistencies between Arachchige's testimony, his affidavit, and affidavits from his mother and brother. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Arachchige made inconsistent statements in his testimony and in his asylum application

3

about whether he knew what happened to church leaders who disappeared, and his testimony that he had never been in hiding and that he was arrested and beaten only once were inconsistent with sworn statements provided by his brother and mother. The IJ was not required to credit his explanations because they did not resolve the inconsistencies. For example, there is no record support for his claim that a translation error accounted for the important difference between his and his mother's account of the number of times he was arrested and beaten. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony" (internal quotation marks omitted)). Arachchige argues also that the inconsistencies relied on are too minor to support the adverse credibility determination. But his core claim was that he was arrested and tortured, and so the number of times that he was detained or tortured and whether he hid from authorities are issues central to his claim. The inconsistencies identified by the IJ thus provide substantial

4

evidence for the agency's adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "a material inconsistency in an aspect of [the petitioner]'s story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding"); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) (observing that "even a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible"). We identify no error in the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. This determination is dispositive of Arachchige's claims for asylum, withholding of removal and CAT relief because all three claims rest on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

5